IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**FIGARO SYSTEMS, INC. a New Mexico corporation,**

        Plaintiff,

v.          No. CIV 03-1123 BB/WDS

**METROPOLITAN OPERA ASSOCIATION, INC., a New York not-for-profit corporation, and JOSEPH VOLPE, individually,**

        Defendants.

## MEMORANDUM OPINION
### AND
## ORDER ON DISCOVERY APPEAL

**THIS MATTER** comes before the Court on Defendants' objections [Docs. #33, #34] pursuant to Rule 72 of the Federal Rules of Civil Procedure to the rulings of Magistrate Judge Schneider on various discovery requests. The Court has designated the discovery requests sent to the Defendant Metropolitan Opera Association as "Met" and those to Defendant Joseph Volpe as "Volpe."

This Court's order of December 10, 2003, permitted Plaintiff "to conduct discovery limited solely to the facts relied on in Defendants' motion under Federal Rule of Civil Procedure 12." [Doc. #13] In that motion, Defendants argued (1) the Court lacked both subject matter and personal jurisdiction; (2) Plaintiff had not properly

served Defendants; and (3) this Court should abstain until resolution of the New York action. The party moving for disclosure should make a clear disclosure of why discovery is relevant to pending issues. *Tisby v. Buffalo Gen. Hosp.*, 157 F.R.D. 157 (W.D.N.Y. 1994); *Pioneer Hi-Bred Int'l Inc. v. Holden's Foundation Seeds, Inc.*, 105 F.R.D. 76 (D. Ind. 1985).

**Met Interrogatory 3** requests specific alleged unethical conduct used to obtain technology and submit a patent on the seat-back libretto system. This interrogatory has no relevance to any of the arguments in the pending Rule 12 motion and need not be answered. *Wing v. Challenge Machinery Co.*, 23 F.R.D. 669 (S.D. Ill. 1959).

**Met Interrogatory 4; Volpe Interrogatories 3 and 5** pose the question, Who negotiated the license agreement and how? This information may produce evidence relevant to the minimum contacts test, and the Magistrate Judge's Order is affirmed as to this question. Why the license agreement was entered, however, is not relevant to jurisdiction and need not be provided.

**Met Request for Admission 8** has been satisfactorily answered. *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118 (S.D. Iowa 1950).

**Met Requests for Admissions 9 and 15; Volpe Interrogatory 2** relate to Mr. Volpe's involvement, if any, in the electronic libretto concept which is a foundation for Figaro System's patent. This does not relate to any aspect of jurisdiction and need not be answered at this point.

**Met Request for Admission 14; Volpe Interrogatory 4; Volpe Request for Admission 9** relate to the nature of the claims asserted by the Met in the New York action and could conceivably be relevant to the abstention issue. To the extent the Defendants argue that the semantics of Met Request for Admission make it unintelligible, the Met should provide a concise summary of the complete origin of the electronic libretto display installed at the Met and what ownership (as opposed to license) they assert in that libretto system.

**Met Request for Admission 17** requests the Met to admit the licensing agreement with Figaro "remains in full force and effect." While this may be relevant on the merits, it is not relevant to any aspect of the present jurisdictional issues.

**Met Document Requests 11; Volpe Production Request 1** request documents or memoranda sent or received by the Defendants with regard to the negotiations over the license agreement. Since the origin, negotiation, and destination of these documents may relate to minimum contacts, responses could produce evidence relevant to jurisdiction and should be provided.

**Met Document Request 12** requests all documents regarding the hardware or software used in the electronic libretto at the Met. This may become relevant on the merits at some time, but is clearly not relevant to any aspect of the limited jurisdictional questions presently before the Court.

**Volpe Production Request 2** clearly is directed to the merits and not relevant to any pending jurisdictional issue; it need not be answered.

**O R D E R**

**Defendant Metropolitan Opera's objections to the Magistrate Judge's** *Order* **are SUSTAINED as to Interrogatory 3; Requests for Admissions 9, 15, and 17; and Document Request 12. Objections are DENIED as to Interrogatory 4; Request for Admission 14; and Document Request 11.**

**Defendant Joseph Volpe's objections to Interrogatory 2 and Production Request 2 are SUSTAINED. Objections to Interrogatories 3, 4, and 5 as well as Request for Admission 9 and Production Request 1 must be answered as indicated above.**

**All discovery is to be served within twenty (20) days of this Order.**

*Defendants' Motion for a Stay of Enforcement of those Parts of the Magistrate Judge's March 25, 2004 Order Which are Pending this Court's Review* **[Doc. #37] is DENIED as moot.**

**DATED this 11th day of May, 2004.**

_____
**BRUCE D. BLACK**
**United States District Judge**